BARSTOW et al. v. WARD COUNTY IRR. DIST. NO. 1. (No. 489.)

(Court of Civil Appeals of Texas. El Paso. May 20, 1915. Rehearing Denied June 17, 1915.)

1. CONSTITUTIONAL LAW ☞289 — EMINENT DOMAIN ☞71 — DUE PROCESS OF LAW — COMPENSATION FOR PROPERTY TAKEN—IRRIGATION DISTRICTS.

Chapter 172, Acts 33d Leg. (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5107—1 to 5107—105), provides for the organization of public irrigation districts. Const. art. 1, §§ 17, 19, provide that no person's property shall be taken, damaged, or destroyed for, or applied to, public use without adequate compensation, nor taken without due process of law. Held, that the statute is not unconstitutional as giving the board of directors of the district unlimited power to place an excessive valuation upon the property within the district for the purposes of a bond issue.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 870; Dec. Dig. ☞ 289; Eminent Domain, Cent. Dig. §§ 180–187; Dec. Dig. ☞71.]

2. CONSTITUTIONAL LAW ☞289 — EMINENT DOMAIN ☞71—DUE PROCESS OF LAW—TAKING PROPERTY—IRRIGATION DISTRICTS.

Chapter 172, Acts 33d Leg., provides for the organization of public irrigation districts. Const. art. 1, §§ 17, 19, forbids the taking of property without adequate compensation, unless by consent and by due process of law. Held, that the statute is not unconstitutional as authorizing the directors of an irrigation district to take property without due process, and without the owner's consent; section 24 providing the process for acquirement.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 870; Dec. Dig. ☞289; Eminent Domain, Cent. Dig. §§ 180–187; Dec. Dig. ☞71.]

3. STATUTES ☞64—PARTIAL INVALIDITY—EFFECT.

That the particular provision of chapter 172, Acts 33d Leg., relating to irrigation districts, which makes the declaration of the district court as to the validity of bonds issued final, may be unconstitutional, does not vitiate the remainder of the act.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 58–66, 195; Dec. Dig. ☞64.]

4. EMINENT DOMAIN ☞2—TAKING OF PROPERTY—TAXATION OF RIPARIAN RIGHTS.

Where land has been incorporated within an irrigation district according to statute, taxation of riparian rights belonging to owners of land within such district does not constitute a taking of property.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 3–12; Dec. Dig. ☞2.]

Appeal from District Court, Ward County; S. J. Isaacks, Judge.

Action by George E. Barstow and others against the Ward County Irrigation District No. 1, to enjoin the sale of certain bonds. From an order denying the writ, plaintiffs appeal. Affirmed.

J. W. Parker, of Pecos, and B. W. Baker, of Barstow, for appellants. Buck & Starley, of Pecos, for appellee.

HARPER, C. J. Plaintiffs filed their petition for injunction, seeking to enjoin the

sale of certain bonds issued by the defendant. The cause was set down for hearing, and notice given to defendant to appear and show cause why the injunction should not issue. Hearing was had in vacation, and order entered denying the writ, from which this appeal is taken.

The petition alleges: That the defendant is a public irrigation corporation, organized under chapter 172, Acts of Thirty-Third Legislature of Texas (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5107—1 to 5107—105). That, prior to the organization of the district, plaintiffs were the owners of certain lands, now incorporated in the district, with established water rights issued by the Barstow Irrigation Company, a private corporation, and which said company had contracted to furnish water to all of plaintiffs' lands at $1.50 per acre. That defendant purchased the said irrigation company's plant, and thereupon said Barstow Irrigation Company went out of existence, and thereafter refused to further comply with its contracts with plaintiffs. That, by the purchase aforesaid, the defendant assisted the said company in breaking contracts, and thereby seeks to take from plaintiffs their valuable water rights acquired aforesaid, and now seeks to force defendants to pay a much larger price for their water, and now seeks to force plaintiffs to pay the same price for water that people owning nonriparian lands have to pay, and by this means has divested the plaintiffs of important vested rights. That said lands have been assessed at a fictitious and excessive valuation for the purpose of issuing bonds in excess of the constitutional limit, to wit, one-fourth of the actual value of the lands included in the district. That the bonds to the amount of $525,000 have been issued and a portion of them sold and the balance are now about to be sold. That, because of the excessive valuation and consequent tax levy, plaintiffs' lands are materially depreciated in value, etc., and pray that the proposed sale of the bonds not sold be enjoined. The defendant answered by plea in bar, res adjudicata, and specific denials of the allegations in the petition.

[1, 2] Plaintiffs contend that the statute under which the defendant is organized is unconstitutional, because in violation of section 19 of article 1 of the Constitution of Texas, in that the effect is to deprive the plaintiffs of their property rights, otherwise than by due course of law: First, because the act provides that the judgment of the district court of this county, holding the bond issue valid, is final, from which no appeal can be taken. Further that the act of the Legislature is violative of section 17, art. 1, of the Constitution of Texas, which is that "no person's property shall be taken, damaged or destroyed for, or applied to, public use without adequate compensation being made, unless by the consent of such person," (a) because the act gives the board of directors of the

district unqualified and unlimited power to place a fictitious, excessive, and unlimited valuation upon the property included in its territory, irrespective of its true valuation; and (b) because it authorizes the defendant to take away from the plaintiffs, without their consent, their riparian rights (i. e., their rights to take water from the stream at their own expense).

The answer to the foregoing propositions is that the act is not violative of the articles of the Constitution named, because it does not admit of an excessive valuation for the purpose of a bond issue, but provides that bonds may be issued to the amount one-fourth of the actual value of the lands of the district, and no more; and the facts in the record sustain the trial court in holding that there was no excessive valuation for the purpose of the bond issue. Nor is the act subject to the criticism that it authorizes the directors to take property without due process and without consent of the owner. Section 24 of the act expressly provides the process by which same may be lawfully acquired.

[3] As to the other question suggested, that the act is unconstitutional, because it provides for the district court to declare the bonds valid without appeal, it is not necessary to here pass upon that part of the act, because, from the showing here, the bonds were lawfully issued, regardless of the decree of the district court in their favor; and, if this particular provision of the act should be unconstitutional, it would not vitiate the whole act, and the bonds issued in accordance with all the other provisions become valid and binding obligations. The act for the purposes of the bond issue in question is constitutional.

We cite and approve the opinion in the case of Wharton County Drainage District No. 1 v. Higbee, 149 S. W. 381, and refer thereto for additional reasons why the act is constitutional, in that it is authorized by section 52 of article 3 of the Constitution of Texas.

[4] Appellants further contend that, if the act is not unconstitutional for the reasons given above, the defendant should be restrained from selling the unsold bonds because the act does not authorize it to assess and tax plaintiffs' lands without first condemning their riparian rights. We are not sure of the point intended by this paragraph of the plaintiffs' petition, but, if it is expressed by the above sentence, the answer is that to tax plaintiffs' lands which have been incorporated within the irrigation district in the way provided by statute is in no sense a taking of their riparian rights, but in taxing the lands defendant is enabled to insure plaintiffs' full enjoyment of their rights. If, as asserted in another part of the petition, the trustees of the district should attempt to take water, to which plaintiffs are entitled by reason of having established water rights, and undertake to give it to lands not so entitled, then plaintiffs would be entitled to

their restraining order, unless the district acquired such rights as provided by law, but such an act could in no wise affect the legality of the bonds issued.

The order of the district judge refusing the writ is therefore affirmed.